**IT IS ORDERED as set forth below:**

**Date: December 12, 2017**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| GREGORY DANIELS, | : | BANKRUPTCY CASE |
| | : | 09-65367-LRC |
| Debtor. | : | |
| _____ | : | |
| GREGORY DANIELS, | : | ADVERSARY PROCEEDING |
| | : | NO. 15-5296 |
| Plaintiff, | : | |
| v. | : | |
| HOWE LAW FIRM, P.C., | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

### ORDER

Before the Court is the *Amended Motion for Leave to File an Amendment to the*

*Third Amended Complaint* (the "Amended Motion") (Doc. No. 56), filed in the above-captioned adversary proceeding by Gregory Daniels ("Plaintiff"). Howe Law Firm, P.C. ("Defendant") opposes the Amended Motion on the basis of laches and futility.

Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 2, 2009, and received his discharge on June 17, 2009. *See* Case No. 09-65367-LRC, Docs. 1, 16. After the Court closed Plaintiff's bankruptcy case, Plaintiff filed a motion to reopen the case for the purpose of filing a declaratory action to determine whether a debt owed to Network Commercial Services, Inc. ("Network") had been discharged. *See id*. Doc. No. 32. After the Court granted Plaintiff's motion to reopen the bankruptcy case, Plaintiff, acting *pro se*, filed a complaint against Network (the "Complaint") seeking: (1) a determination that a prepetition debt owed to Network had been discharged, (2) enforcement of the discharge injunction, and (3) sanctions and damages against Network for its violations of the discharge injunction. *See* Doc. No. 1. Network answered the Complaint on August 21, 2015. *See* Doc. No. 3.

On September 22, 2015, Plaintiff sought leave to amend the Complaint, which no party opposed, and the Court granted. Plaintiff filed the amended complaint on September 22, 2015 ("Amended Complaint"), adding claims against Network for violations of the Fair Debt Collections Practices Act (the "FDCPA"). *See* Doc Nos. 6, 7, 12. Network

2

answered the Amended Complaint on October 6, 2015.[1] *See* Doc. No. 9. Subsequently, Plaintiff sought leave to file a second amended complaint (the "SAC") to add Defendant as a party defendant under the theory that the FDCPA allows a plaintiff to recover damages from a law firm engaged in the filing and prosecution of an invalid legal action. *See* Doc. No. 15. No party opposed the motion, and the Court granted Plaintiff leave to file the SAC on December 8, 2015.

On April 15, 2016, Defendant filed a special appearance and answer to the Amended Complaint and the SAC, along with a motion to quash service and dismiss the SAC due to lack of service of process. *See* Doc. Nos. 30, 31. By Order dated June 30, 2016, the Court granted Defendant's Motion to Quash Service, but denied Defendant's Motion to Dismiss and gave Plaintiff additional time to perfect service. The Court also noted that Plaintiff had pending litigation in the United States District Court for the Northern District of Georgia, Case No. 1:2015-cv-00827 SCJ (the "District Court Case"). As the District Court Case involved the same transactions and occurrences complained of in this case, the Court stayed this case until such time as Plaintiff notified the Court that the District Court Case had been concluded.

On August 4, 2017, Plaintiff filed a motion to lift the stay, which the Court granted over Defendant's objection. *See* Doc. No. 42. In that order, the Court ordered that the

---

[1] Plaintiff and Network stipulated to a dismissal with prejudice as to Network only on December 16, 2015

3

discovery period would continue through and including December 1, 2017, and that any motions to join other parties or to amend the pleadings must be filed on or before September 30, 2017 (the "September 1st Order"). Plaintiff filed a timely motion to amend on September 15, 2017 (Doc. No. 44), and amended that motion on November 20, 2017 (Doc. No. 56). Plaintiff seeks to the amend the SAC to add allegations that Plaintiff believes are lacking in the SAC and are necessary to support a finding that Defendant is a debt collector, within the meaning of the Fair Debt Collection Practices Act. Plaintiff believes such allegations are required under the decision of the Eleventh Circuit Court of Appeals in *Davidson v. Capital One Bank (USA),* 2015 U.S. App. LEXIS 14714 (11th Cir. 2015).

Plaintiff's proposed Third Amended Complaint ("TAC") would also add additional counts that Plaintiff submits he did not previously plead because he was unaware of the basis for such counts until he received certain discovery responses from Defendant. These include: (1) Count 7, damages for Defendant's negligent breach of its alleged duty to not commence a legal action against Plaintiff, subjecting him to unnecessary litigation, financial losses, and mental pain and anguish, when Defendant's client lacked standing to commence such an action; (2) Count 8, damages for Defendant's violation of the FDCPA by attempting to collect a discharged debt; (3) Count 9, damages for Defendant's violation of the discharge injunction; and (4) Count 10, damages for Defendant's fraudulent

4

concealment of certain facts during litigation. Defendant argues that the Court should deny the Amended Motion because Plaintiff waited until twenty-six months after filing the Complaint to seek to amend the SAC, which had already been amended twice, and because the FDCPA claim asserted in the proposed TAC lacks merit.

Rule 15 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedures, governs amended pleadings. *See* FED. R. CIV. P. 7015. In pertinent part, Rule 15 provides:

> (a) A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires.

FED. R. CIV. P. 7015(a). Accordingly, Plaintiff may not amend the SAC without leave of the Court or the written consent of Defendant, which Defendant has not given.

A trial court has considerable discretion when determining whether to grant leave to amend a complaint. *See Jameson v. The Arrow Co.*, 75 F.3d 1528, 1534-35 (11th Cir. 1996). "Although '[l]eave to amend shall be freely given when justice so requires,' a motion to amend may be denied on 'numerous grounds' such as 'undue delay, undue prejudice to the defendants, and futility of the amendment." *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000). "There must be a 'justifying reason' for a court to deny leave." *In re Dixon*, 435 B.R. 768, 776 (Bankr. N.D. Ga. 2010) (Diehl, J.),

5

subsequently aff'd sub nom. *In re Dixon*, 423 F. App'x 892 (11th Cir. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Halliburton & Assoc. v. Henderson*, 774 F.2d 441, 443 (11th Cir. 1985); *see also In re Johnson*, 2017 WL 3701221, at *4 (Bankr. N.D. Ga. Aug. 25, 2017) (Baisier, J.). "The following factors may serve as a basis to deny a motion to amend: (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id*. (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

"In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss." *Williams v. Select Portfolio Servicing, Inc.,* 2016 WL 9450469, at *7 (N.D. Ga. Dec. 20, 2016). "Where 'the issue of futility . . . is close,' the court must 'err on the side of generosity to the' pro se plaintiff." *Washington v. Russell Cty. Bd. of Educ.*, 2016 WL 5339731, at *1 (M.D. Ala. Sept. 22, 2016) (quoting *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197 (11th Cir. 2003).

The Court finds that Defendant has failed to demonstrate any justifying reason for not allowing Plaintiff to amend the SAC. First, as Plaintiff notes, Defendant previously raised a laches argument in opposition to the Court's lifting the stay of this adversary

proceeding and urged the Court to dismiss the Complaint for want of prosecution. In the September 1st Order, the Court noted that Defendant had "failed to demonstrate why lifting the stay of this proceeding would prejudice Defendant." Defendant's laches argument against allowing the proposed TAC fares no better, as Defendant has failed to show how the proposed amendment would prejudice Defendant. Further, although this case has been pending since July 23, 2015, and the proposed amended complaint would be the third amended complaint, the proposed TAC is actually only the first amended complaint that has impacted the claims against Defendant, as Defendant was not added as a party until the filing of the SAC on November 9, 2015.

Second, Defendant objects to the proposed amendment on the basis that the proposed TAC fails to state a claim under the FDCPA because the debt at issue is not a consumer debt covered by the FDCPA. Defendant is correct that amendments should not be allowed if they add a new claim that would not survive a motion to dismiss. *See Mackensworth v. S.S. American Merchant*, 28 F.3d 246 (2d Cir. 1994) (affirming lower court's denial of leave to amend complaint when new claim did not relate back to filing of original complaint and would have been time barred). However, Plaintiff does not seek to add a new claim against Defendant under the FDCPA, but simply to add allegations Plaintiff believes will further support a claim for violations of the FDCPA that has already been asserted in the SAC. As the Court noted in the September 1st Order, Defendant is

7

entitled to file a motion to dismiss Plaintiff's FDCPA claims under Rule 12(b)(6) or a motion for summary judgment. *Morris Builders, L.P. v. Fid. Nat'l Title Ins. Co.*, 2017 WL 5032996, at *4 (S.D.N.Y. Nov. 2, 2017).

In the meantime, the Court finds no basis to deny Plaintiff the right to amend the SAC. Therefore, the Motion is **GRANTED**, and

IT IS ORDERED that the TAC (Doc. No. 57) is deemed filed.

## END OF DOCUMENT

**Distribution List**

**Gregory Daniels**
1860 Perry Blvd
Atlanta, GA 30318

**Jeffrey Roger Nickerson**
Howe & Associates
Suite 100
4385 Kimball Bridge Road
Alpharetta, GA 30022