**IT IS ORDERED as set forth below:**

**Date: March 28, 2019**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| GREGORY DANIELS, | : | BANKRUPTCY CASE |
| | : | 09-65367-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| GREGORY DANIELS, | : | ADVERSARY PROCEEDING |
| | : | NO. 15-5296 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HOWE LAW FIRM, P.C., | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is the *Motion for Reconsideration* (the "Motion") (Doc. No. 79),

filed in the above-captioned adversary proceeding by Gregory Daniels ("Plaintiff"). Howe Law Firm, P.C. ("Defendant") opposes the Motion. This matter arises in connection with Plaintiff's suit against Defendant seeking damages for violations of the discharge injunction, violations of the Fair Debt Collection Practices Act (the "FDCPA"), and for negligence.

On March 2, 2009 (the "Petition Date"), Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Court entered a discharge order and closed the bankruptcy estate on June 17, 2009 (the "Discharge Order"). *Id*. Dkt. No. 16, Complaint, Ex. A. On April 14, 2011, Plaintiff filed an emergency motion for sanctions and violation of the discharge injunction in Plaintiff's bankruptcy case (the "Emergency Sanctions Motion"). *See* Case Number 09-65367-LRC, Dkt. No. 21. In the Emergency Sanctions Motion, Plaintiff asserted that, on June 29, 2010, Kim Anderson ("Anderson") had filed a civil action in the Superior Court of Fulton County ("Superior Court") against Plaintiff, seeking damages related to the prepetition sale of real property. Plaintiff sought a determination from this Court that the debt asserted by Anderson in the state court suit had been discharged. On August 17, 2011, this Court abstained from granting the relief requested in the Emergency Sanctions Motion on the basis that: (1) the Superior Court had concurrent jurisdiction to determine whether the debt at issue was discharged; and (2) a suit was already pending before the Superior Court in which such a determination could be

2

made.

Thereafter, Plaintiff moved the Superior Court to enforce the discharge injunction by finding that the debt was discharged. Complaint Exh. C. Anderson voluntarily dismissed that action without prejudice before the Superior Court could revisit the issue. Complaint, ¶ 16. In November 2013, Network Commercial Services Incorporated ("Network"), as assignee of Stewart Title Guaranty Company ("Stewart Title"), as subrogee to Anderson, filed a complaint against Plaintiff in the State Court of Fulton County (the "Network Action"). The Network Action asserted that the debt owed arose from a false swearing and misrepresentations by Plaintiff in his "Sellers Affidavit" and "Warranty Deed" in connection with his sale of real property to Anderson.

In his amended answer, filed on November 27, 2014, Plaintiff moved for dismissal and for summary judgment on the basis of "the existence of the chapter 7 discharge." Plaintiff also filed a motion to dismiss the Network Action on December 11, 2013, because Network lacked standing to bring the claims. In January 2015, the Network Action was dismissed without prejudice for failure to prosecute.

In April 2015, Plaintiff reopened his bankruptcy case and filed this adversary proceeding seeking to hold Defendant in contempt for violating the discharge injunction. Plaintiff's Schedule F did not list a debt owed to Anderson, Stewart Title, or Network, and Plaintiff's attached creditors' list did not include the names and addresses of Anderson,

3

Stewart Title, Network, or Defendant. *See* Case Number 09-65367-LRC, Dkt. No. 1. Defendant contends that the debt at issue is nondischargeable under § 523(a)(3).

On September 28, 2018, the Court denied Plaintiff's Motion for Partial Summary Judgment on the basis that a genuine issue of material fact remains in dispute regarding whether the debt at issue was not in fact discharged, recognizing the possibility that the debt was excepted from discharge under § 523(a)(3)(B), due to Plaintiff's failure to provide notice to Anderson of the bankruptcy filing (the "Order"). Plaintiff seeks reconsideration of the Order.

Under Rule 54(b), the Court may revise its decision "at any time before the entry of a final judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b); *see also In re Otero County Hospital Association, Inc.,* 585 B.R. 161, 165 (Bankr. D.N.M. 2018). "Though Rule 54(b) does not provide any guidelines for determining whether reconsideration of a non-final order is appropriate, courts within the Eleventh Circuit have agreed that 'a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law, (2) newly discovered evidence, or (3) the need to correct clear error or prevent manifest injustice.'" *In re White*, 2017 WL 2601891, at *2 (Bankr. N.D. Ga. June 15, 2017) (Hagenau, J.); *see also Ankeney v. Zavaras*, 524 F. App'x 454, 458, 2013 WL 1799997, at *3 (10th Cir. 2013); *In re Sciortino*, 561 B.R. 245, 250 (Bankr. N.D. Ga. 2016) (Ellis-Monro, J.).

4

Plaintiff asserts that the Court's analysis relied upon an incorrect legal conclusion. Specifically, Plaintiff argues that Defendant is not allowed to raise the nondischargeability of the debt as a defense to Plaintiff's claim that Defendant violated the discharge injunction because no party has filed a complaint to obtain a determination of the nondischargebility of the debt. In support of this position, Plaintiff cites *In re DiGeronimo*, 354 B.R. 625 (Bankr. E.D.N.Y. 2006). Having considered the cited authority, the Court is not persuaded and concludes that it has the discretion to consider the nondischargeability issue as part of this contempt proceeding.

In *DiGeronimo*, the court appears to have held that the court could not determine whether a debt was nondischargeable under § 523(a)(5) because neither party had filed a complaint and Rule 7001 provides that such a matter is an adversary proceeding. The Court agrees that a debtor or a creditor is entitled to the process provided by an adversary proceeding before the Court determines the nondischargeability of a debt. Nonetheless, in this case, where Plaintiff has sought resolution of his claims against Defendant by filing a complaint, rather than a motion for contempt, both parties have the benefit of the process ordinarily provided by an adversary proceeding and no party will be prejudiced by a lack of process.

Further, it is not uncommon for courts to determine whether a debt was discharged in connection with a motion for contempt without the respondent having first filed a

5

complaint to determine nondischargeability. *See, e.g.*, *In re Johnson*, 521 B.R. 912, 918 (Bankr. W.D. Ark. 2014) ("In this instance, the Court has no basis for finding DWS in contempt. The debtor failed to use the correct address for DWS and DWS alleges it did not have notice of the debtor's bankruptcy filing. DWS is under no obligation to return the money and then file an adversary proceeding to determine dischargeability, as argued by the debtor. The debtor failed to list DWS properly and, as an omitted creditor, the debt to DWS is not discharged under § 523(a)(3) unless otherwise proven. Based on the above discussion, the Court denies the debtor's motion for contempt."); *In re Nedelka*, 595 B.R. 449, 453–54 (Bankr. D. Del. 2018) ("The fact that the IRS did not proactively litigate the discharge status of the Tax Debts during the pendency of the Debtors' bankruptcy proceeding does not constitute an affirmative representation by the IRS that the Tax Debts were dischargeable under 11 U.S.C. § 523(a)(1)(B)(i) or (ii). The Code provides that some types of debts are presumptively dischargeable, but tax debts specified in §§ 523(a)(1)(B)(i) or (ii) are not among them. Instead, tax debts specified in §§ 523(a)(1)(B)(i) or (ii) are presumptively non-dischargeable. Unless a debtor pursues an order stating otherwise, creditors may reasonably assume that such debts will not be discharged under § 1328(a).").

In *In re Grant*, 2017 WL 2960206, at *2 (Bankr. D. Conn. 2017), a *pro se* debtor sought a finding of contempt against the United States Department of Defense (the "DOD")

6

for violating the discharge injunction by collecting a prepetition debt. In its defense, the DOD asserted that the debt was nondischargeable under § 523(a)(7). The bankruptcy court denied the relief requested after concluding that the debt had not been discharged. There is no indication from the court's decision in *Grant* that the DOD ever sought or obtained a nondischargeability determination before raising the nondischargeability as a defense to suit. Yet the court analyzed the facts and the law to conclude that the debt was excepted from discharge under § 523(a)(7) and, therefore, the debtor's claim for contempt failed.[1]  *Id.*

Such a result is consistent with general statements made in many cases that recognize that the determination of whether a debt has been discharged can be made in response to a debtor's raising the discharge injunction as a defense, often in a nonbankruptcy forum. *See Internal Revenue Service v. Murphy*, 892 F.3d 29 (1st Cir. 2018) ("We agree that 'the IRS need not appear and object in the bankruptcy court to be excepted from [a] discharge under § 523(a)(1)(C)' . . . . [and] [n]othing in our decision today forces the IRS to obtain a pre-enforcement determination before seeking to collect on tax obligations, . . . . [as] [t]he IRS remains free to 'wait until the bankruptcy discharge is invoked as a defense to its collection efforts, and then prove a factual basis for the tax fraud

---

[1] Indeed, as in this case, the debtor in *Grant* filed a complaint against the DOD, initiating Case No. 16-02019, rather than a motion for contempt. The docket in the debtor's bankruptcy case reflects no complaint filed by the DOD against the debtor to determine the dischargeability of the debt. *See* Case No. 15-20330 (Bankr. D. Conn.).

exception in the collection proceedings.'") (quoting *Console v. Comm'r of Internal Revenue*, 291 F. App'x 234, 237, 2008 WL 3930029, at *2 (11th Cir. 2008)).  Such a result is made possible by the fact that most debts are exempt from the rule of § 523(c), which requires a complaint to determine dischargeability be filed only with regard to debts made nondischargeable by §§ 523(a)(2), (a)(4), and (a)(6).  In a sense, all other subsections of § 523(a) are "self-executing."  *In re Johnson*, 521 B.R. 912, 918 (Bankr. W.D. Ark. 2014) ("The debtor failed to list DWS properly and, as an omitted creditor, the debt to DWS is not discharged under § 523(a)(3) unless otherwise proven.")

It is clear that the Court must find that the debt was discharged in order to hold Defendant in contempt of the discharge injunction.  Section 523(a)(3) is one of the "self-effectuating" exceptions to the discharge, such that there was no deadline to seek a determination that the debt was not discharged.  *See* 11 U.S.C. § 523(c); *see also In re Johnson*, 521 B.R. 912, 918 (Bankr. W.D. Ark. 2014); *In re Everly*, 346 B.R. 791, 797 (8th Cir. B.A.P. 2006).  The failure to seek a determination of the nondischargeabiltiy of the debt is not a bar to Defendant's raising the issue at this time in its defense.

For these reasons,

IT IS ORDERED that the Motion to Reconsider is **DENIED**.

In the Order, the Court deferred ruling on Plaintiff's request for summary judgment regarding Plaintiff's claims for violations of the FDCPA and negligence to allow the parties

8

to further brief the issue of whether the Court has subject matter jurisdiction over the claims. After Plaintiff filed the Motion, both parties filed briefs addressing the jurisdictional issue raised by the Court in the Order. Having reviewed the briefs, it appears to the Court that there is considerable disagreement as to whether a bankruptcy court has subject matter jurisdiction over these types of claims.[2] But it is clear that, if there is a basis for jurisdiction, it would extend only as to those claims that are based on the same nucleus of operative facts as Plaintiff's discharge injunction violation claim. To rule in favor of Plaintiff on such additional claims would, therefore, require the Court to conclude that Defendant violated the discharge injunction, which, in turn, depends upon a finding that the debt was discharged. As that decision must await trial, the Court cannot grant summary judgment to Plaintiff as to Defendant's liability under state law and the FDCPA at this time. Therefore,

    IT IS FURTHER ORDERED that the remainder of Plaintiff's motion for summary judgment will be held in abeyance until the Court has determined whether the debt was

---

[2] *See In re Hospitality Ventures/LaVista*, 358 B.R. 462, 474 (Bankr. N.D. Ga. 2007), *aff'd per curiam*, 265 F. App'x 779 (11th Cir. 2008) (holding that, where a "core-related supplemental claim" exists, 28 U.S.C. § 1367(a) allows the district court, under 28 U.S.C. § 157(a) and LR 83.7, ND Ga., to refer a claim to the Bankruptcy Court for determination, and defining a "core-related supplemental claim" as one "with three attributes . . . : (1) It does not meet the usual 'conceivable effect' test and, therefore, lacks an independent basis for jurisdiction under § 1334(b); (2) It is asserted in a proceeding in which the primary claim arises under the Bankruptcy Code such that the original proceeding is 'core'; and (3) It has a nexus with the primary claim that is sufficient to bring the claim within a district court's § 1334(b) jurisdiction as supplemented by § 1367"); *In re 222 S. Caldwell St., Ltd. P'ship*, 409 B.R. 770, 787 (Bankr. W.D.N.C. 2009), amended (June 22, 2009) ("Referral of all bankruptcy matters to the bankruptcy judges extends to a claim lacking an independent jurisdictional basis but which has a nexus with a primary claim arising under the Bankruptcy Code within the district court's jurisdiction."); *In re Burns*, 2010 WL 642312, at *3 (Bankr. S.D. Tex. Feb. 18, 2010) (holding that bankruptcy jurisdiction exists over FDCPA claims that stem from a violation of the discharge injunction).

discharged. At that time, the Court will further consider whether the Court has subject matter jurisdiction and if so, whether it should decline to exercise jurisdiction, over the FDCPA and negligence claims.

IT IS FURTHER ORDERED that the parties shall file a joint pre-trial order regarding the issue of dischargeability on or before **April 26, 2019.**

## END OF DOCUMENT

**Distribution List**

**Gregory Daniels**
1860 Perry Blvd
Atlanta, GA 30318

**Jeffrey Roger Nickerson**
Howe & Associates
Suite 100
4385 Kimball Bridge Road
Alpharetta, GA 30022