

**IT IS ORDERED as set forth below:**

**Date: September 5, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| GREGORY DANIELS, | : | BANKRUPTCY CASE |
| | : | 09-65367-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| GREGORY DANIELS, | : | ADVERSARY PROCEEDING |
| | : | NO. 15-5296 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HOWE LAW FIRM, P.C., | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is the *Motion for Judgment as a Matter of Law* (the "Motion")

(Doc. No. 86), filed in the above-captioned adversary proceeding by Gregory Daniels ("Plaintiff"). Howe Law Firm, P.C. ("Defendant") opposes the Motion. This matter arises in connection with Plaintiff's suit against Defendant seeking damages for violations of the discharge injunction.[1]

## FACTS AND PROCEDURAL HISTORY

On March 2, 2009 (the "Petition Date"), Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code. *See* Case Number 09-65367-LRC, Dkt. No. 1. On June 11, 2009, the Chapter 7 trustee assigned to Plaintiff's case filed a report indicating that there was no property available for distribution to creditors, and no claims bar date was ever established. *Id*. The deadline for filing a complaint objecting to Plaintiff's discharge or for a determination of the dischargeability of a particular debt was June 12, 2009. *Id*. Dkt. No. 2; Fed. R. Bankr. P. 4004, 4007. The Court entered a discharge order and closed the bankruptcy estate on June 17, 2009 (the "Discharge Order"). *Id*. Dkt. No. 16, Complaint, Ex. A.

On April 14, 2011, Plaintiff filed an emergency motion for sanctions and violation of the discharge injunction in Plaintiff's bankruptcy case (the "Emergency Sanctions Motion"). *See* Case Number 09-65367-LRC, Dkt. No. 21. In the Emergency Sanctions

---

[1] Plaintiff's claim for sanctions for violations of the discharge injunction arises under the Bankruptcy Code and, therefore, is a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(A); 1334.

2

Motion, Plaintiff asserted that, on June 29, 2010, Kim Anderson ("Anderson") had filed a civil action in the Superior Court of Fulton County ("Superior Court") against Plaintiff, seeking damages related to the prepetition sale of real property, and Plaintiff sought a determination from this Court that the debt asserted by Anderson in the state court suit had been discharged. On August 17, 2011, this Court abstained from granting the relief requested in the Emergency Sanctions Motion on the basis that: (1) the Superior Court had concurrent jurisdiction to determine whether the debt at issue was discharged; and (2) a suit was already pending before the Superior Court in which such a determination could be made. Anderson eventually voluntarily dismissed the action without prejudice before the Superior Court could revisit the issue. Complaint, ¶ 16.

In response to further collection activity taken by Network Commercial Services Incorporated ("Network"), as assignee of Stewart Title Guaranty Company ("Stewart Title"), as subrogee Anderson, in the State Court of Fulton County (the "Network Action"), Plaintiff's Statement of Undisputed Material Facts[2] (Dkt. No. 70) ("SUMF") ¶ 1, Defendant's Response to Plaintiff's Statement of Undisputed Material Facts and Statement

---

[2] In connection with Plaintiff's prior Motion for Summary Judgment, Plaintiff filed a "separate and concise statement of the material facts, numbered separately, as to which the movant contends no genuine issue exists to be tried," as required by BLR 7056-1. Defendant responded and, where appropriate, "specifically controverted" certain of those facts. Accordingly, the Court determined which facts were not deemed admitted. *See* BLR 7056-1(a). For purposes of the prior Motion for Summary Judgment and the instant motion, the Court has viewed "the evidence and factual inferences in the light most favorable to [Defendant], as required on a motion for summary judgment." *Parton v. United Parcel Serv.*, 2005 WL 8154268, at *2 (N.D. Ga. Aug. 2, 2005).

3

of Additional Facts (Dkt. No. 72) ("Response to SUMF") ¶1, Plaintiff filed a motion to reopen his bankruptcy case for the purpose of filing suit against Network in April 2015. *See* Case Number 09-65367-LRC, Dkt. No. 32. Plaintiff initiated this adversary proceeding on July 23, 2015, by filing a complaint against Network, to which Defendant was later added by amendment (the "Complaint"). *Id*., Dkt. Nos. 1, 16.

In its order denying Plaintiff's prior Motion for Partial Summary Judgment (the "Prior Order") (*see* Doc. 77), the Court found certain undisputed facts were relevant to this matter, including: (1) Plaintiff applied for and obtained a HELOC from Washington Mutual ("WaMu"), which was secured by the Property; (2) the security deed for the HELOC was never cancelled or marked paid in the land records of Cobb County, Georgia; and (3) after August 30, 2005, Plaintiff continued to borrow on the HELOC and ultimately defaulted under the terms of the HELOC and failed to make payments, leaving, as of March 16, 2010, an unpaid principal balance of $296,226.37. Plaintiff contends in the Complaint that WaMu's "purported successor in interest, JP Morgan Chase Bank, N.A. ["Chase"], failed to release its security interest in the [Property] and failed to terminate [Plaintiff's] line of credit," Plaintiff "continued to utilize the credit card associated with the line of credit, and [WaMu/Chase] continued to extend credit" to Plaintiff. Complaint, ¶¶ 7-8. Chase eventually attempted to foreclose its interest in the Property. Affidavit of Felicia E. Saintil-Deltis, ¶ 14, Case No. 09-65367, Doc. 23-5.

4

In the Prior Order, the Court denied Plaintiff's request for partial summary judgment as to the issue of whether Defendant violated the discharge injunction entered in the Bankruptcy Case because genuine issues of material fact remained as to whether the debt Defendant attempted to collect on behalf of its client was discharged. Specifically, the Court could not determine whether § 523(a)(3)(B) applied to the debt without a trial because Defendant had pointed to evidence to raise questions of fact as to whether Plaintiff borrowed money on a HELOC, knowing the resulting debt would be secured by property he had sold to Anderson and failed to make payments on the debt, causing it to go into default. The Court noted that whether Plaintiff's conduct caused a willful and malicious injury to Anderson or her property, resulting in a debt of the kind referenced in § 523(a)(6), "requires a highly factual analysis, and factual disputes exist on matters including, but not limited to, Plaintiff's intent when continuing to borrow funds on the HELOC and his understanding of the impact of his continued use of the HELOC on the Property."

Plaintiff now seeks judgment as a matter of law as to Defendant's liability for violating the discharge injunction on the basis that Network held no enforceable debt against Plaintiff and, therefore, the debt could not be of the kind that is referenced in § 523(a)(6). Plaintiff asserts that no debt existed because (1) under Georgia law, no claim for breach of warranty can lie when the grantee fails to provide notice to the grantor and an opportunity to defend; and (2) Anderson's failure to provide Plaintiff with notice and an

5

opportunity to defend against the encumbrance claimed would have barred Anderson from collecting any debt from Plaintiff under the "unclean hands" doctrine. Plaintiff also seeks judgment of a matter of law because the evidence that will be relied upon by Defendant to establish that Plaintiff willfully and maliciously injured Anderson is insufficient as a matter of law.

Defendant objects to the relief sought on both procedural and substantive grounds. First, Defendant argues that the Motion is premature because a motion for judgment as a matter of law is to be filed at the close of the presentation of evidence, which has not yet occurred. Second, Defendant asserts that Plaintiff lacks any legal basis for arguing that he is entitled to judgment as a matter of law.

### CONCLUSIONS OF LAW

Although Plaintiff has labeled the Motion as a motion under Rule 50, the Motion is essentially a renewed motion for partial summary judgment as to the issue of whether the debt Defendant attempted to collect was discharged. Therefore, the Court will analyze the Motion under the summary judgment standard. *See Messick v. Patrol Helicopters, Inc.*, 2008 WL 11348225 (D. Mont. Aug. 19, 2008) (treating a similar motion as "one for partial summary judgment on [a] precise [legal] issue").

A. *Summary Judgment Standard*

In accordance with Federal Rule of Civil Procedure 56 (applicable to bankruptcy

6

proceedings under Rule 7056 of the Federal Rules of Bankruptcy Procedure), the Court will grant summary judgment only if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Hairston v. Gainesville Sun Publ'shg Co.*, 9 F.3d 913, 918-19 (11th Cir. 1993).  A fact is material if it might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  The moving party has the burden of establishing the right of summary judgment. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co*., 692 F2d 1370, 1372 (11th Cir. 1982).

To determine whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985).  The moving party must identify those evidentiary materials listed in Rule 56(c) that establish the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *see also* FED. R. CIV. P. 56(e).

    B.    *Violations of the Discharge Injunction*

As noted in the Prior Order, to determine that Defendant violated the discharge inunction, the Court must first find that the debt Defendant attempted to collect was

7

discharged. In this case, the only remaining issue regarding the dischargeability of that debt is whether the debt is of the kind provided for in § 523(a)(6).

Plaintiff correctly argues that the Court must first determine that a debt exists before finding that the debt is nondischargeable. *See In re Goss*, 2008 WL 7399975, at *4 (Bankr. S.D. Ga. June 27, 2008) ("Since the existence of a debt is a threshold question in deciding whether the debt is dischargeable, I rule for Defendant on this issue."); *In re Mascio*, 2007 WL 3407516, at *4 (D. Colo. Nov. 13, 2007); *In re Ziff,* 1993 WL 669427, at *3 (N.D. Tex. Oct. 28, 1993) ("Thus, before claiming non-dischargeability under § 523(a)(2)(A), Appellant must have first established that the Appellee owed him a debt."). Plaintiff submits that he could not have been liable to Anderson because she failed to meet the requirements of Georgia law for establishing a claim for breach of warranty—she failed to provide Plaintiff with notice and an opportunity to defend against any asserted encumbrance on the Property. Plaintiff also contends that, under the "unclean hands doctrine," Anderson's failure to provide Plaintiff with notice and an opportunity to defend would have barred Anderson from collecting any debt from Plaintiff. Defendant responds that Georgia law has no such notice requirement and that Plaintiff has failed to show any legal authority for his "unclean hands" argument.

Under Georgia law, a "general warranty of title against the claims of all persons includes covenants of a right to sell, of quiet enjoyment, and of freedom from

8

encumbrances." O.C.G.A. § 44-5-62. A cause of action exists for breach of this warranty. *See* O.C.G.A. § 44-5-66 ("Upon a breach of a covenant of warranty of title to land, the damages awarded should be the purchase money with interest thereon from the time of sale unless the jury determines, under the circumstances of the case, that the use of the premises was equal to the interest on the money and determines that an equitable setoff should be allowed."). Pursuant to O.C.G.A. § 44-5-64, "[i]n actions for breach of warranty of title, the burden of proof is on the plaintiff except in cases where outstanding encumbrances have been paid off or possession has been yielded as a consequence of legal proceedings of which the warrantor had notice and an opportunity to defend." Accordingly, the statute places the burden of proof on the warrantee to establish that she has been evicted, either actually or constructively, by a party with title paramount to that of the vendor, but the warrantee may "relieve [herself] of this burden by showing that 'possession has been yielded in consequence of legal proceedings of which the warrantor had notice and an opportunity to defend.'" *McMullen v. J.L. Butler & Co.*, 117 Ga. 845, 45 S.E. 258, 259 (1903); *Lowery v. Yawn,* 111 Ga. 61, 36 S.E. 294, 295 (1900) ("But, even where there has been no suit in court to recover land from him, if he can show by proof that there was a paramount title outstanding against him, to which he was obliged to yield obedience, and that parties had taken possession under that title, this, in itself, would in law amount to an eviction, and would be such a breach of warranty as would authorize him to

9

recover"); *see also Joyner v. Smith*, 132 Ga. 779, 65 S.E. 68, 69–70 (1909) ("The statement that the burden of proof is on the plaintiff, except in the two instances mentioned, plainly indicates that they are not the only cases in which suit may be brought for a breach of warranty. Where the warrantor has not been vouched or notified, so as to have an opportunity to defend, the bringing of a suit by the holder of the outstanding title against the warrantee and obtaining judgment thereon would be of little advantage to the warrantor. In cases other than those specified in the Code section quoted, the plaintiff would carry the burden of showing that the adverse title was paramount, and that his eviction, or what was equivalent to eviction under it, was legal.").

Plaintiff argues that the failure to provide the warrantor with notice and an opportunity to defend bars the warrantee from ever being able to prove that she was evicted constructively by a paramount title or that she discharged a valid encumbrance. The case law cited by Plaintiff does not support this interpretation of the statute. For example, Plaintiff cites to *Osburn v. Pritchard*, 104 Ga. 145, 30 S.E. 656, 657 (1898). The warrantee in *Osburn* lost her case against the warrantor because she did not provide notice and opportunity to defend *and* she failed to provide any evidence that the encumbrance that she paid was valid. *Id*. at 657 ("The plaintiff, having failed to give him the notice which the statute requires, *and* not having shown title paramount in the mortgagor, has not made out her case.") (emphasis added). Therefore, *Osborn* does hold that a warrantee is barred

10

from later proving that the title she acquiesced to was "paramount," only that the warrantee in that case failed to do so.

Plaintiff's cite to *Clements v. Collins* suffers a similar flaw. In *Clements*, the Georgia Supreme Court found that the trial court erred in granting the warrantee a new trial where judgment had been rendered against the warrantee. The court explained that the warrantee had relied "upon the judgment in ejectment alone" obtained in a suit of which the warrantor had not been given notice. The court noted that "[t]he great and insurmountable defect in the evidence, however, [was] that it fail[ed] to show that the recovery in ejectment was had upon title outstanding at the date of the warranty." *Clements v. Collins*, 59 Ga. 124, 127 (1877). The warrantee in *Clements* apparently did not attempt to present any evidence of paramount title and relied only on the judgment rendered in a suit, notice of which was not provided to the warrantor. But nothing in the court's decision supports the conclusion that the warrantee would have been barred from presenting such evidence if she had tried. Rather, the holding of *Clements* is consistent with the Court's interpretation of the statute—a warrantee can establish a claim for breach of warranty by relying on a judgment entered with notice and opportunity to defend or by presenting evidence that she was evicted by a party with paramount title or paid a valid encumbrance. *See Tuggle v. Hamilton*, 100 Ga. 292, 27 S.E. 987, 988 (1897) (stating that a warrantee satisfies a judgment "at [his] peril" and cannot prevail against the warrantor "without showing

11

everything necessary to demonstrate that [he] took the only course left to [him] to protect [his] possession and enjoyment of the property").

And in this case, the undisputed facts show that Chase asserted either an encumbrance or paramount title. As explained by the Georgia Court of Appeals,

> In *Cheatham v. Palmer*, 176 Ga. 227, 235, 167 S.E. 522, it was held that, under the statutes of this state (OCGA §§ 44–5–62; 44–5–63), "there is embraced in the term general warranty, by implication, certain specific warranties which the common law required to be express. In order to recover on a warranty of seizin, the loss of seizin (that is, eviction,) had to be proved. . . . [O]n a covenant against encumbrances, the *only condition precedent to a right of action [is] the outstanding of a valid encumbrance at the date of the covenant affecting the property conveyed, and its discharge by the covenantee*." Accord *Sawyer Coal, etc., Co. v. Kinnett–Odom Co.*, 192 Ga. 166, 170(4), 14 S.E.2d 879 (actual eviction not necessary if plaintiff in good faith discharged the encumbrance or acquired a paramount title presently about to be enforced against him); *State Mut. Ins. Co. v. McJenkin Ins., etc., Co.*, 86 Ga.App. 442, 443(1), 71 S.E.2d 670, overruled on other grounds, *Teems v. City of Forest Park*, *supra* 137 Ga.App. at 734(1), 225 S.E.2d 87; *see Weatherly v. Parr, supra*.

*Hitchcock v. Tollison*, 213 Ga. App. 477, 480, 444 S.E.2d 844, 846 (1994) (emphasis added).

Therefore, Anderson and her assigns would have been entitled to establish that Chase in fact held paramount title or a valid encumbrance and that, when faced with the threat of collection activity, Anderson either discharged the encumbrance or paid the alleged holder of the security deed to acquire such title "about to be enforced against" her.

The Court further agrees with Defendant that Plaintiff has cited to no case authority

12

to support his argument that the "unclean hands" doctrine bars such a suit.   Plaintiff's only argument as to why such a claim should be barred by Anderson's inequitable conduct is that settling with the purported holder of an interest in the Property without notice to Plaintiff resulted in a total and complete "deprivation of substantial rights available to Plaintiff."   As Plaintiff retained the ability to litigate the question of whether there was in fact an encumbrance or paramount title, the Court discerns no deprivation of Plaintiff's rights that would support application of the "unclean hands doctrine."

That brings the Court to Plaintiff's next argument—that Anderson could not have established that Chase held a valid interest in the Property that was paramount to the title conveyed by Plaintiff to Anderson because Chase did not receive a valid assignment of Plaintiff's deed to secure debt from WaMu.   Plaintiff submits that he is entitled to judgment as a matter of law because Defendant cannot prove that Chase held a valid deed to secure debt against the Property.   Plaintiff bases his challenge to Chase's deed to secure debt on "copies of records filed in federal court wherein Chase vigorously denied that it became a 'successor in interest' to [WaMu]" when it purchased mortgage servicing rights from WaMu following its takeover by the FDIC.   Specifically, Plaintiff contends that Chase "judicially admitted" in federal court that the purchase and assumption agreement between Chase and the FDIC "merely made Chase a successor-in-interest to [WaMu's] mortgage servicing rights."   The document attached as an exhibit to the Motion, however,

13

is not as Plaintiff describes it—the memorandum of points and authorities in support of" Chase's motion to dismiss a complaint—but rather a brief filed by the FDIC in support of its motion to dismiss a complaint or join Chase as a necessary party.  It is not an admission made by Chase and, even if it were, it is not evidence in the record of this case.  Plaintiff relies only on a statement made in a pleading in an unrelated case to demonstrate that Defendant will be unable to show at trial that Chase held a valid security deed against the Property.  That is insufficient to warrant a grant of summary judgment.

Finally, Plaintiff essentially renews his earlier request for summary judgment on the basis that Defendant can prove no set of facts that would establish that the debt at issue is one for "willful and malicious injury."  In the Prior Order, the Court denied summary judgment because "[t]his determination requires a highly factual analysis, and factual disputes exist on matters including, but not limited to, Plaintiff's intent when continuing to borrow funds on the HELOC and his understanding of the impact of his continued use of the HELOC on the Property."  As before, based on these factual issues, the Court cannot conclude that Plaintiff is entitled to summary judgment that Defendant violated the discharge injunction.

## CONCLUSION

For the reasons stated above, Plaintiff is not entitled to summary judgment as to Defendant's liability for violations of the discharge injunction and

IT ORDERED that the Motion is DENIED;

IT IS FURTHER ORDERED a further order scheduling a trial on these matters will be entered.

## END OF DOCUMENT

**Distribution List**

**Gregory Daniels**
1860 Perry Blvd
Atlanta, GA 30318

**Jeffrey Roger Nickerson**
Howe & Associates
Suite 100
4385 Kimball Bridge Road
Alpharetta, GA 30022

**Scott M. Stevens**
Howe Law Firm
Suite 100
4385 Kimball Bridge Road
Alpharetta, GA 30022